**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

U.S. SECURITIES & EXCHANGE
COMMISSION, Applicant,

Petitioner-Appellee,

v.

MICHAEL J. HOOPER,

Respondent-Appellant.

No.  17-35835

D.C. No. 2:16-mc-00022-MKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Submitted April 15, 2019[**]
San Francisco, California

Before:  D.W. NELSON, BEA, and N.R. SMITH, Circuit Judges.

Michael J. Hooper appeals (1) the district court's grant of the Securities and

Exchange Commission's (hereafter "SEC") petition to enforce the terms of his

suspension order, *see* 15 U.S.C. §§ 77t(c), 78u(e), and (2) the district court's order

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

requiring Hooper to disgorge $30,833.13 for accounting services he performed in violation of the suspension order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Practicing as an accountant before the SEC includes, "[t]he preparation of any statement, opinion or other paper by any . . . accountant . . . filed with the Commission in any registration statement, notification, application, report or other document with the consent of such . . . accountant." 17 C.F.R. § 201.102(f)(2) ("Rule 102(f)").[1] The district court did not err when it concluded that Hooper violated the suspension order[2] by appearing or practicing as an accountant before the SEC, because Hooper prepared financial statements for several publicly traded companies that were included in various documents those companies filed with the

---

[1] We reject Hooper's argument that the applicable definition of accountant is not provided by Rule 102(f), but is instead provided by 17 C.F.R. § 210.2-01 ("Rule 2-01"), which governs audits. Hooper is not alleged to have violated the suspension order by performing audit activities. Moreover, Rule 2-01 states specifically that the definition of accounting that it provides is "[f]or purposes of this section" and "as used in paragraphs (b) through (e)" of Rule 2-01, 17 C.F.R. § 210.2-01(f)(1), and this action does not arise under or concern that rule.

[2] Hooper argues that the suspension order did not provide adequate notice that the conduct at issue here would violate the suspension order. We are not persuaded by this argument. The only plausible reading of the suspension order is that Hooper was prohibited from practicing as an accountant—which under Rule 102(f) plainly includes preparing financial statements for a company that will be filed with the SEC—unless he applied for (and was granted) reinstatement.

2

SEC, and he does not dispute that he knew that those statements would be used for that purpose.

2.     Hooper argues that the Supreme Court's decision in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), deprived the SEC of any authority to request disgorgement. However, *Kokesh* specifically declined to consider that issue, *id.* at 1642 n.3, so that case is not "clearly irreconcilable" with our longstanding precedent on this subject. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). The district court did not abuse its discretion when it determined that the fees that Hooper received in connection with his violation of the suspension order were "gains flowing from [Hooper's] illegal activities," which should be disgorged. *SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1114 (9th Cir. 2006) (citation omitted).

     **AFFIRMED.**